# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 28, 2012

No. 10-40727

Lyle W. Cayce
Clerk

GUSTAVO GARZA; UVALDO ZAMORA; INDIVIDUALLY DAVID
MARTINEZ,

Plaintiffs - Appellees

v.

JUAN ANGEL GUERRA, Individually and in his official capacity,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CV-84

Before REAVLEY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

The judgment of the district court is affirmed for these reasons:

Appellant's arguments are all answered by the record and the verdict of the jury. The contention that Appellant Guerra, as district attorney, had prosecutorial immunity falls before the finding that – acting in that official capacity – he intentionally and knowingly deprived the plaintiffs of their right and liberty to be free from arrest. The evidence supported that finding by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 10-40727

proving that the defendant was personally responsible for false affidavits and charges to obtain the warrants for arrest of the three plaintiffs. Their deprivation of liberty was a constitutional violation without question. With the proven malice and lack of probable cause, defendant enjoyed no immunity. *See Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 1096 (1986). As this court has said: "Characterizing these actions as akin to those traditionally undertaken by officers of the court (which would entitle them to assert . . . immunity) would make a mockery of the judicial system." *Ryland v. Shapiro*, 708 F.2d 967, 975 (5th Cir. 1983).

The damages awarded seem to be high, but after reading this record we are unable to say that reasonable jurors could not return this verdict.

AFFIRMED.